[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16614
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A97-635-945 & A97-635-946

FERNEY PADILLA BEJARANO,
OLGA LILI BARRAGAN BERNAL,
JOHAN SEBASTIAN PADILLA BARRAGAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 16, 2006)**

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ferney Padilla Bejarano ("Padilla"), a Colombian national, with his wife and minor child as riders, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") order denying him asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT"). Padilla also appeals the BIA's denial of his September 6, 2005 motion to reopen/reconsider the affirmance.

## I. Background

Padilla entered the United States on or about November 28, 1998, as a non-immigrant B2 visitor for pleasure with authorization to remain in the country for a period of six months. His wife and son followed him in February 1999, under the same status. Padilla filed an application for asylum on September 11, 2003, claiming that he would be persecuted by the Revolutionary Armed Forces of Colombia ("FARC") if he returned to Colombia.

On October 21, 2003, the Department of Homeland Security issued Padilla a Notice to Appear for a removal hearing, charging Padilla with removability pursuant to 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted. At the removal hearing, the IJ issued an oral decision finding Padilla's asylum application untimely and denying withholding of removal and CAT relief. Padilla appealed to the BIA, which affirmed the IJ's order without opinion on August 3, 2005.

2

On September 6, 2005, Padilla filed with the BIA a motion that has been alternatively characterized as either a motion to reconsider or a motion to reopen. In the motion, Padilla argued that the BIA had erred in affirming the IJ's decision because Padilla had suffered actual past persecution at the hands of FARC due to imputed political opinion. Padilla asserted that, in addition to past persecution, he had demonstrated a well-founded fear of future persecution and that he could not safely return to any part of Colombia. Padilla attached to the motion a recording certificate for a business he owned, a psychological evaluation of Padilla's minor child, and 11 documents regarding FARC and the human rights situation in Colombia.

The BIA denied Padilla's motion, construing the motion as both a motion to reconsider and, because Padilla had attached evidence, a motion to reopen. To the extent the motion was a motion to reconsider, the BIA dismissed it as untimely. To the extent the motion was a motion to reopen, the BIA denied it because the business certificate and the psychological evaluation were not material, and because although the "background evidence" establishes "that violence by illegal armed groups . . . continues to affect all parts of Colombia, [Padilla] has not shown changed circumstances which are material to [his] application[]." Padilla filed his petition for review on December 2, 2005.

Discussion

Padilla first argues that the BIA abused its discretion by denying his September 6, 2005 motion as untimely. Padilla characterizes the motion as a motion to reopen and asserts that it was timely filed within 90 days of the BIA's decision.

We review the denial of a motion to reconsider or a motion to reopen for an abuse of discretion. Lonyem v. U.S. Attorney Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (motion to reopen); Ass'ad v. U.S. Attorney Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (motion to reconsider).

Motion to Reconsider

A motion to reconsider a decision of the BIA must be filed with the BIA within 30 days of the mailing of the decision. 8 C.F.R. § 1003.2(b)(2). Padilla filed his motion 34 days after the BIA issued its decision affirming the IJ's denial of relief. Accordingly, to the extent Padilla's motion is a motion to reconsider, the BIA did not abuse its discretion in denying the motion as untimely.

Motion to Reopen

To the extent that Padilla's September 6, 2005 motion was a motion to reopen, Padilla is correct in noting that the motion was timely filed. However, the BIA denied his motion to reopen not on the ground that it was time-barred, but

4

because the new evidence Padilla submitted with his motion failed to demonstrate changed circumstances material to Padilla's application for asylum, withholding of removal and CAT relief.

In his initial brief submitted to this court, Padilla failed to challenge this basis of the BIA's dismissal of his motion to reopen. Accordingly, he has abandoned any argument that the BIA abused its discretion in dismissing his motion to reopen based on a failure to establish changed circumstances. See Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1296 n.19 (11th Cir. 2001) (arguments raised for the first time in a reply brief are abandoned); Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned.") (citation omitted).

Original BIA Order Affirming IJ's Denial of Relief

Padilla also argues that this court has jurisdiction to consider the timeliness of his application for asylum, and he argues that the IJ erred in denying his application for asylum, withholding of removal and CAT relief.

We consider de novo whether we have subject matter jurisdiction over a dispute. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

Although we ordinarily have jurisdiction to review final orders of removal, a petitioner must file his petition for review within 30 days of the date of the final

5

order of removal. See 8 U.S.C. § 1252(b)(1). The statutory filing deadline for a petition for review in an immigration case is mandatory and jurisdictional. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

Padilla thus had until September 2, 2005, to file his petition for review with this court (30 days after the BIA's order affirming the IJ's denial of relief). The filing of his September 6, 2005 motion to reconsider/reopen did not suspend or toll the filing deadline. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). Because Padilla did not file his petition until December 2, 2005, his petition is untimely as to the original decision of the BIA affirming the IJ's decision. Accordingly, we are without jurisdiction to consider Padilla's arguments as to that order.

We therefore **DENY** Padilla's petition as to his September 6, 2005 motion and **DISMISS** his petition as to the BIA's August 3, 2005 order.